IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CHRISTEN WILLIFORD,

    Plaintiff,

CASE NO.: 5:16-cv-00734-OC-34PRL

vs.

ARLINGTON RIDGE RESTAURANT
MANAGEMENT LLC D/B/A
CHESAPEAKE BAY GRILLE AND
THE VILLAGE TAVERN[1],

    Defendant.

_____/

## SETTLEMENT AGREEMENT

This Settlement Agreement (hereinafter referred to as the "Agreement"), is entered into by and between CHRISTEN WILLIFORD (hereinafter referred to as "Plaintiff") and Defendant, ARLINGTON RIDGE RESTAURANT MANAGEMENT, LLC (hereinafter referred to as "Defendant"). Throughout this Agreement, Plaintiff and Defendant shall collectively be referred to as the "Parties."

WHEREAS, Plaintiff was employed by Defendant as a server;

WHEREAS, Plaintiff's last day of providing services to Defendant was on or around February 12, 2016.

WHEREAS, Plaintiff is represented by Grossman Law, P.A. and specifically attorney Michael L. Grossman, Esq.

---

[1] Arlington Ridge Restaurant Management was Plaintiff's employer; however Arlington Ridge Restaurant Management does not have any D/B/As. Therefore, Chesapeake Bay Grille and The Village Tavern are not fictitious names for Arlington Ridge Restaurant Management.

Exhibit "A"

Christen Williford v. Arlington Ridge Restaurant Management, LLC
Settlement Agreement

WHEREAS, Plaintiff filed a lawsuit against Defendant, with the caption, *Christen Williford, Plaintiff vs. Arlington Ridge Restaurant Management LLC d/b/a Chesapeake Bay Grille and The Village Tavern, Defendant*, in the Circuit Court in and for Lake County, Florida. Defendant removed Plaintiff's lawsuit to the United States District Court, Middle District of Florida, Ocala Division, Case No.: 5:16-cv-00734-OC-34PRL, (hereinafter referred to as the "Lawsuit"). Plaintiff's Complaint against Defendant contained five counts, Count I Minimum Wage Violations of Fla. Stat. § 448.110 – Incidental Non-Tipped Labor; Count II Minimum Wage Violation of Florida Constitution – Incidental Non-Tipped Labor; Count III Florida Minimum Wage Act – Dual Occupation; Count IV Florida Minimum Wage Act – Unpaid Wages; and Count V Failure to Pay Overtime. Counts I through IV allege that Plaintiff is entitled to unpaid wages under the Florida Minimum Wage Act ("FMWA"). Count V of Plaintiff's Complaint alleges that Plaintiff is entitled to overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq;

WHEREAS, Plaintiff sought to recover minim wage, overtime compensation, liquidated damages, attorneys' fees and costs;

WHEREAS, no other Plaintiffs have opted in to this case and Plaintiff has not moved to certify this case; and,

WHEREAS, the Parties wish to resolve the claim in the Lawsuit, as well as any other potential wage related claims between them, on a non-admission basis, to avoid the disruption and expense of future litigation;

NOW THEREFORE, for and in consideration of the payments to Plaintiff by, or on behalf of, Defendant in the amount referenced below, the acknowledgements, mutual promises

Christen Williford v. Arlington Ridge Restaurant Management, LLC
Settlement Agreement

and covenants contained herein by the Parties, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereto agree as follows:

1. <u>Recitals</u>. The above Recitals are true and correct, are material representations and are incorporated herein by reference.

2. <u>Consideration to Plaintiff</u>.

Defendant will pay to Plaintiff and Plaintiff will accept, the gross settlement amount of Nine Hundred and No/100 Dollars ($900.00) ("Settlement Monies"). The Settlement Monies shall be allocated and paid as follows:

   a. The amount of Seven Hundred and 00/100 Dollars ($700.00), made payable to Christen Williford for her claims for unpaid minimum wages, overtime wages, liquidated damages, and interest in Ms. Williford's Lawsuit. Said check will not be subject to legal withholdings and Defendant will issue an IRS Form 1099 to Ms. Williford in connection with this payment as required by IRS regulations, and delivered in care of Plaintiff's attorney, Michael L. Grossman, Esq.

   b. The Settlement Monies will be distributed as follows: Seven Hundred and 00/100 Dollars ($700.00) on or before the tenth business day after this honorable Court approves this settlement and this Agreement, which will be made payable to Christen Williford and delivered in care of Plaintiff's attorney, Michael L. Grossman, Esq.; and Two Hundred and 00/100 Dollars ($200.00) to The Cohen Law Group, P.A. in satisfaction of the Attorneys Lien filed on this matter.

3. <u>Allocation and Indemnification</u>. No portion of the payment made herein is allocated for any punitive damages. Plaintiff acknowledges and agrees that she is solely

responsible for the selection of the method of tax reporting, the tax designation, the tax treatment and the payment of state and/or federal taxes, if any, as to the payments described in paragraph 2 of this Agreement. Defendant and its representatives have made no representation or warranties with respect to any state and/or federal tax treatment, tax reporting, or other issues in regard to such payments other than Plaintiff is liable for payment of the settlement monies she and her attorney received as outlined in paragraph 2. In addition to paying federal and/or state taxes, if any, which are required to be paid with respect to the payments made to Plaintiff under this Agreement, Plaintiff agrees to indemnify, hold harmless, and defend Defendant (and anyone acting on its behalf), for the tax reporting method, the tax designation and/or tax treatment of the payments and/or for any employment or income tax withholding liability that may arise in connection with the tax payments, including but not limited to, any deficiencies on any and all penalties and/or interest associated therewith, unless such liability is found by the IRS to have been solely caused by a wrongful action or inaction of Defendant. Plaintiff represents that she is not relying in any way upon Defendant in this regard. Further, Plaintiff represents that Defendant is not liable for any payment to Plaintiff's attorneys, and that she is liable for all payments for attorneys' fees and costs to her attorneys, and for any attorneys' fees and costs to the law firm Cohen Law Group pursuant to its Notice and Claim of Attorney's Charging Lien dated and filed September 1, 2017.

4. <u>No Admission of Liability</u>. This Agreement does not constitute and shall not be construed as, or be deemed to be, evidence of an admission or concession of any fault or liability or damage whatsoever on the part of any of the Parties hereto. In entering into this Agreement, and paying the consideration for this Agreement, Defendant does not admit, and expressly denies,

Christen Williford v. Arlington Ridge Restaurant Management, LLC
Settlement Agreement

liability of any kind to Plaintiff. This settlement is being entered into by Defendant to avoid the cost and expense of future litigation.

5. <u>Dismissal of Lawsuit</u>. Concurrent with the execution of this Agreement, the Parties, through their counsel, agree to file a Joint Motion for Approval of the FLSA Settlement and, upon the Court's approval of same, Dismiss the Lawsuit with Prejudice with the Court. Plaintiff further agrees this Agreement is a resolution of any and all potential wage related claims Plaintiff may have related to her former employment with Defendant, and Plaintiff agrees that she will not file any lawsuits, administrative charges, or any other claims for unpaid wages related to Plaintiff's former employment with Defendant.

6. <u>Payments and Just Compensation for Hours Worked</u>. While Plaintiff contends there is a good faith dispute as to whether she was paid for all hours and overtime worked, after considering the facts and issues in the dispute between the Parties, Plaintiff represents that, after the compromised settlement entered into between the Parties, she has now been paid in full for all hours worked while employed by Defendant, including any alleged overtime hours. Plaintiff represents and acknowledges that she is releasing any claim for damages for unpaid wages (including for minimum wage and overtime worked) during her entire employment with Defendant. Plaintiff further represents that she has received just compensation for all hours worked during her former employment with Defendant, and that she is not owed any additional monies from Defendant.

7. <u>No Other Pending Claims and Closure of Pending Claims</u>. Other than the Lawsuit outlined above, Plaintiff represents that as of the date that Plaintiff signs this Agreement she has no suits, claims, charges, complaints or demands of any kind whatsoever currently

Christen Williford v. Arlington Ridge Restaurant Management, LLC
Settlement Agreement

pending against Defendant (or anyone acting on its behalf) with any local, state, or federal court or any governmental, administrative, investigative, civil rights or other agency or board. Other than the Lawsuit outlined above, Plaintiff affirms and represents that she has not assisted anyone with instituting any claim or potential claim against Defendant (or anyone acting on its behalf).

Plaintiff further agrees that Plaintiff will not initiate, institute, join or serve as a member of a class or group of persons bringing a suit, claim, legal proceeding or investigation, against Defendant (or anyone acting on its behalf), for any claim related to wages. In the event that any such claim, charge or complaint is filed, by Plaintiff or by a third party on Plaintiff's behalf, and if Plaintiff or the third party obtains a favorable decision, ruling or a judgment, it is the intent of the Parties that all payment(s) and legal fees made by or on behalf of Defendant, hereunder shall be offset against any such favorable ruling or judgment and that Plaintiff further waives the right to receive any further compensation, damages, fees or costs, related to any such claim other than which Plaintiff is receiving as set forth herein. Plaintiff agrees, however, not to initiate a lawsuit for any type of unpaid wages related to Plaintiff's former employment with Defendant.

If Plaintiff is required by any third party to assist or is compelled by any lawful order, Plaintiff will immediately (within 72 hours from that request) contact Tom Eleazer, c/o Arlington Ridge Restaurant Management, LLC, 146 Horizon Court, Lakeland, FL 33813, regarding the request, and will assist Defendant (or anyone acting on its behalf) in instituting a Protective Order or any other legal action regarding her participation, to the extent permitted by law.

8.     Attorney Fees and Costs. Except as otherwise set forth herein, each of the Parties shall be responsible for payment of their own attorneys' fees and costs. In the event an action is instituted for breach of this Agreement or for any other matter between the Parties then the

prevailing party shall be entitled to an award of reasonable attorney's fees and costs, including attorneys' fees and costs on appeal.

9. <u>Authority</u>. Plaintiff represents and warrants that she is authorized to enter into and that she has the authority to perform the terms of this Agreement.

10. <u>Severability</u>. If any clause or provision in this Agreement is found to be void, invalid, or unenforceable, it shall be severed from the remaining provisions and clauses that shall remain in full force and effect, with the exception of any clauses and provisions resolving any and all potential wage claims related to Plaintiff's former employment with Defendant. The Parties do not intend for the language in this Agreement pertaining to the resolution of any and all potential wage claims to be able to be severed from this Agreement.

11. <u>Governing Law and Venue</u>. This Agreement shall be construed and governed in accordance with the laws of the State of Florida (without regard to its choice of law provisions) and subject to the exclusive jurisdiction of the Florida federal and state courts. Venue shall lie exclusively in the federal and state courts of Lake County, Florida.

12. <u>Counterparts</u>. This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument.

13. <u>Interpretation.</u> This Agreement shall be interpreted in accordance with the plain meaning of its terms and not for or against the drafter.

14. <u>Successors and Assigns</u>. This Agreement is binding on each of the Parties and their respective heirs, successors and assigns.

Christen Williford v. Arlington Ridge Restaurant Management, LLC
Settlement Agreement

15. <u>Representations</u>. Except as expressly provided herein, the Parties represent and warrant that in executing this Agreement, they do not rely upon and have not relied upon any oral or written representation, promise, warranty or understanding made by any of the Parties or their representatives with regard to the subject matter, basis or effect of this Agreement.

16. <u>Binding Effect</u>. All of the terms, covenants, warranties and representations contained herein shall be binding upon the Parties, and their respective heirs, assigns, successors, to the full extent permitted by law.

17. <u>Complete Agreement, Modification</u>. This Agreement is in settlement of any and all wage related claims that Plaintiff now has, ever had, or may claim against Defendant (or anyone acting on its behalf), consistent with applicable law. This Agreement constitutes the entire agreement between the Parties and supersedes all prior agreements, oral or otherwise, with respect to the subject matter hereof. Neither this Agreement nor any term hereof may be changed, waived, discharged or terminated orally, except by an instrument in writing signed by the Party against which enforcement of the change, waiver, discharge or termination is sought.

18. <u>Headings, Gender and Singular</u>. The headings in this Agreement are for purposes of reference only and shall not limit or otherwise affect the meaning hereof. Unless the context otherwise requires, references in this Agreement to any gender shall be construed to include all other genders, references in the singular shall be construed to include the plural, and references in the plural shall be construed to include the singular.

19. <u>Opportunity to Consider and Confer</u>. The Parties expressly warrant and represent that before executing this Agreement, they have fully read and understand the terms, contents, conditions and effects thereof; that in making the settlement represented by this Agreement, they

Christen Williford v. Arlington Ridge Restaurant Management, LLC
Settlement Agreement

have had the benefit of the advice of counsel of their own choosing; that no promise or representation of any kind has been made to either Party, except as is expressly stated in this Agreement; that they fully understand and are in complete agreement with all terms of this Agreement; and, that they are entering into this Agreement of their own free will. The Parties further expressly warrant and represent that they have relied solely and completely on their own judgment and the advice of their counsel in making the settlement represented by this Agreement and they agree that they have not relied on any representation or statement not set forth in this Agreement.

20. <u>Court Approval and Payment</u>. Should the Court specifically not approve the proposed settlement of this litigation, this Agreement shall be null and void and no payment set forth herein shall be required. If the Court approves the proposed settlement of this litigation, Defendant agrees that it will make, or have made on its behalf, payment of the monies as set out in paragraph 2 of this Agreement.

21. <u>Understanding of Agreement</u>. This Agreement is freely and voluntarily entered into by the Parties. The Parties acknowledge that they have read this entire eleven (11) page Agreement (including the Signature Page) prior to signing and that they understand the words, terms, conditions and legal significance of this Agreement.

22. <u>Waiver of Jury Trial</u>. Plaintiff and Defendant hereby knowingly, voluntarily and intentionally waive any right either may have to a trial by jury with respect to any litigation related to or arising out of, under or in conjunction with this Agreement or with Plaintiff's former business relationship with Defendant.

Christen Williford v. Arlington Ridge Restaurant Management, LLC
Settlement Agreement

**IN WITNESS WHEREOF**, the Parties hereto have executed this Agreement with the intent to be legally bound hereby.

Plaintiff:

Date: 11/26/17

_____
Christen Williford

Defendant:

Arlington Ridge Restaurant Management, LLC
by CB Arlington Ridge Landco, LLC, MGR

Date: 12/5/17

By: Arthur H. Erickson
Title: VP

# 11491965 v3