UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**CHRISTEN WILLIFORD,**

    Plaintiff,

v.                                        Case No: 5:16-cv-734-Oc-MMH-PRL

**ARLINGTON RIDGE RESTAURANT
MANAGEMENT LLC D/B/A
CHESAPEAK BAY GRILLE AND THE
VILLAGE TAVERN,**

    Defendants.

## REPORT AND RECOMMENDATION[1]

Upon referral, this Fair Labor Standards Act ("FLSA") matter is before the Court on the parties' agreed motion for approval of the settlement agreement. (Doc. 22). Thus, the Court must determine whether the settlement between the parties is a "fair and reasonable resolution of a bona fide dispute" over Fair Labor Standards Act ("FLSA") issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982).

### I.    Legal Standards

If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id*. at 1353 (*citing Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

## II.     Discussion

As set forth in the parties' settlement agreement (Doc. 22-1), Defendant will pay a total sum of $900 to resolve this matter, to include the following: (1) $350 to Plaintiff for alleged unpaid minimum wages and overtime compensation, (2) $350 in liquidated damages, and (3) $200 to Plaintiff's counsel for attorney's fees and costs. The parties were represented by experienced counsel, and the terms and conditions of the parties' settlement were the subject of arms-length negotiations between counsel. The parties' settlement agreement pertains only to Plaintiff's wage claims, regarding which there were numerous factual disputes. *See Cooper v. Garda CL Se., Inc.*, No. 15–cv–1677–Orl–40KRS, 2015 WL 9244682, at *1 (M.D. Fla. Dec. 18, 2015)(finding reasonable a release of all claims existing prior to the execution of the settlement agreement that relate to the payment of wages and/or overtime for all hours worked, including, but not limited to,

claims arising under the FLSA, the Florida Constitution and the Florida Minimum Wage Act). The parties agree that that the settlement is fair and reasonable.

With respect to the agreed-to sum for attorney's fee and costs, the parties represent that they were negotiated separately from Plaintiff's recovery. *See Bonetti v. Embarq Mgmt.Co.*, Case No.: 6:07-cv-1335, 2009 WL 2371407 (M.D. Fla. Aug. 4, 2009). Under the circumstances, I submit that the amount of $200 for attorney's fees and costs appears to be reasonable.[2]

### III. Recommendation

Accordingly, I **RECOMMEND** that the Court **GRANT** the parties' agreed motion for approval of the settlement agreement (Doc. 22), as it is a fair and reasonable compromise of Plaintiff's FLSA claim and related wage claims.

Recommended in Ocala, Florida on December 13, 2017.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

[2] In reaching this conclusion, the Court recognizes that it must consider the reasonableness of any award of attorney's fees, but it is not required to conduct "an in depth analysis . . . unless the unreasonableness is apparent from the face of the documents." *King v. My Online Neighborhood, Inc.*, No. 6:06-cv-435-Orl-22JGG, 2007 WL 737575, at *4 (M.D. Fla. Mar. 7, 2007)(quoting *Perez v. Nationwide Protective Servs.*, Case No. 6:05-cv-328-ORL-22JGG (M.D. Fla. Oct. 31, 2005)). As the total fee award sought in this case is not patently unreasonable based on the history of this case and Plaintiff does not contest the reasonableness of the award, the Court has not conducted an in-depth analysis of the attorney's fees sought. Accordingly, the award of attorney's fees in this action does not reflect a determination that the hourly rate or time charged by Plaintiff's counsel constitutes a reasonable hourly rate in this or any applicable market.